Filed 10/28/24  P. v. Ortiz CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EVIN ADONIS ORTIZ,<br><br>    Defendant and Appellant. | B329118<br><br>Los Angeles County<br>Super. Ct. No. LA069901 |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge. Reversed and remanded with instructions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, and Idan Ivri Deputy and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After a jury convicted Evin Ortiz of first degree murder, premeditated attempted murder, and second degree robbery, the trial court sentenced him to life without parole. Pursuant to a section 1172.6 petition, the trial court later resentenced Ortiz to five years based on two second degree robbery charges. Ortiz appeals, arguing the trial court erred in sentencing him to two robbery charges instead of one. We agree and reverse for the trial court to vacate the second robbery charge and resentence Ortiz accordingly. Citations are to the Penal Code.

## I

We recount the underlying facts briefly. Our previous opinion *People v. Ortiz* (2016) B257413, 2016 WL 1178972 [nonpub. opn.] gives details.

## A

Ortiz and two confederates, Rene Ramirez and Edwin Bonilla, saw 68-year-old Manuel Flores at a swap meet. The three men followed Flores to his home in Ortiz's girlfriend's car and parked around the corner. The three accosted Flores in his driveway. Ramirez grabbed a gold chain from Flores's neck. Bonilla took Flores's keys and wallet. The three began to leave. Flores yelled, "Help me. They are stealing from me." Ramirez turned back to Flores and shot at him, missing and striking a gate post before running after the other two men.

Flores's grandson, Danilo Morales, came running out of the house and chased the three. Bonilla got in the driver's seat, while Ortiz got in the front passenger seat. Ramirez got in the driver's side back seat. As the car began to move, Morales caught up and pounded on the car's back window.

Ramirez shot again, hitting Morales in the forehead and killing him.

The police soon traced the description of the car to Ortiz and identified Bonilla and Ramirez. A jury convicted all three of the first degree murder of Morales while engaged in a robbery, the premeditated attempted murder of Flores, and the robbery of Flores. The trial court sentenced Ortiz to life in prison without parole on the murder charge and seven years to life on the attempted murder charge.

B

Ortiz petitioned for resentencing under section 1172.6, arguing he had not been a major participant who acted with reckless indifference to human life. The trial court appointed counsel for Ortiz, and the parties filed a series of briefs based on the evolving case law. The trial court continued the hearing several times, waiting for the California Supreme Court to issue guidance regarding two of the key issues in the case: whether section 1172.6 relief applied to attempted murder convictions and whether Ortiz's post-*People v. Banks* (2015) 61 Cal.4th 788 but pre-*People v. Clark* (2016) 63 Cal.4th 522 felony murder special circumstance conviction rendered him ineligible for relief as a matter of law. After the Supreme Court issued *People v. Strong* (2022) 13 Cal.5th 698 and the legislature clarified in Senate Bill No. 775 (2021–2022 Reg. Sess.) that the statute did cover attempted murder convictions, the court held an evidentiary hearing on December 13 and 20, 2022. Neither side introduced additional evidence.

On February 1, 2023, the trial court issued a tentative decision granting the petition to vacate the murder and attempted murder charges and resentencing Ortiz on the remaining robbery conviction. The prosecutor argued the murder charge should be redesignated as a second robbery charge. The

3

court set a future hearing to allow the court and parties to research and brief the issue. After the next hearing, the trial court adopted the prosecutor's position. The trial court issued a written decision finding section 1172.6 relief was appropriate because Ortiz did not act with reckless indifference to human life. The trial court cited *People v. Silva* (2021) 72 Cal.App.5th 505, 532, for the proposition that it had "considerable discretion in redesignating" the convictions and "resentencing a petitioner to an appropriate term of years based on his or her individual culpability." The court used this discretion to find beyond a reasonable doubt that the record supported finding Morales was a robbery victim and therefore redesignated the felony murder charge to a second robbery charge.

The court resentenced Ortiz to five years. Because Ortiz had already served about 11 years, he was released immediately on parole.

## II

Ortiz correctly argues the trial court erroneously redesignated the murder charge as a second robbery charge.

In 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) to make sentencing for murder convictions more commensurate with each defendant's individual level of culpability. (*People v. Arellano* (2024) 16 Cal.5th 457, 472 (*Arellano*).) To achieve this, Senate Bill 1437 changed the law about implied malice murders, including convictions based on felony murder and natural and probable consequence theories. (*Arellano, supra,* at pp. 467–468.) The bill also included a mechanism to allow defendants already convicted who could not be convicted of murder under the newly changed laws to seek resentencing. (*Id.* at p. 468.)

4

Where defendants prove entitlement to relief — in other words, that they could not be convicted of murder under the current law — the statute directs the trial court to vacate the murder or attempted murder conviction and any associated allegations and enhancements. (§ 1172.6, subd. (d)(3).) The court shall then resentence the petitioner on the remaining charges. (*Ibid*.) Where the prosecutor charged the defendant with murder generically and did not charge the underlying felony or target offense, the trial court shall redesignate the conviction as the underlying felony or target offense for purposes of resentencing. (§ 1172.6, subd. (e).)

The parties disagree which subdivision applies here.

We review questions of statutory interpretation independently. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

As a threshold matter, the prosecutor argues Morales is also a robbery victim under the case law because he had a special relationship with Flores, as his cohabitating grandson and because the owner, Flores, specifically asked for help, authorizing Morales to retrieve the stolen objects. (See *People v. DeFrance* (2008) 167 Cal.App.4th 486, 498–499 [recognizing mother as additional victim of robbery of son's car based on familial connection]; *People v. Bekele* (1995) 33 Cal.App.4th 1457, 1462 [worker's request for help when he saw his truck being burglarized authorized co-worker to act in representative capacity and coworker was therefore also robbery victim].) Ortiz does not contest this point.

Ortiz correctly argues, however, that the prosecutor here charged the underlying felony, robbery, so the trial court is operating under subdivision (d)(3) of section 1172.6. The prosecutor argues the felony underlying Morales's murder was

5

the robbery of Morales, not Flores, so the prosecutor did not charge the underlying felony, and the trial court is operating under subdivision (e) of section 1172.6.

The California Supreme Court recently considered a similar question. While its decision did not confront the exact question we face, its analysis is instructive.

In *People v. Arellano*, the Supreme Court considered whether a trial court had discretion to add an uncharged and unproven allegation or enhancement when resentencing a petitioner under subdivision (e) of section 1172.6. (*Arellano*, *supra*, 16 Cal.5th at p. 464.) The court answered in the negative. (*Ibid*.)

In doing so, the court emphasized "an underlying felony or target offense is fundamentally distinct from a sentence enhancement or allegation." (*Arellano*, *supra*, 16 Cal.5th at p. 474.) Importantly, the existence of an underlying felony or target offense is a predicate for relief under section 1172.6. (*Arellano*, *supra*, 16 Cal.5th at p. 474.) "Consequently, the 'target offense or underlying felony' under section 1172.6, subdivision (e) is the offense or felony that was the predicate for relief in the first place — i.e., the offense or felony that supported the prosecution's theory of felony murder . . . ." (*Id*. at pp. 474–475.) In support of this proposition, the Court cited section 1172.6, subdivision (a)(1) and *People v. Fouse* (2024) 98 Cal.App.5th 1131 (*Fouse*). (*Arellano*, *supra*, 16 Cal.5th at pp. 474–475.) Identifying the underlying felony was appropriate for a resentencing proceeding, but determining uncharged and unproven enhancements and allegations would "more closely resemble a new prosecution." (*Id*. at p. 475.)

6

The language in other parts of the statute and the structure of the statute bolstered this interpretation. (*Arellano, supra,* 16 Cal.5th at pp. 470–472.) While the statute laid out in detail how a trial court should determine whether a defendant could still be found guilty of murder under the new law, the statute offered no such detail in subsection (e) of section 1172.6, suggesting such factfinding generally would not be necessary. (*Arellano, supra,* 16 Cal.5th at pp. 470–472.) Similarly, the language in subdivision (d)(3) of section 1172.6 made clear the court was to resentence only on the remaining charges, "not charges that *could have been* established by the evidence," and there was nothing to suggest a different result under subdivision (e) of section 1172.6. (*Arellano, supra,* 16 Cal.5th at p. 470.)

The Supreme Court addressed the bounds of the trial court's discretion and factfinding in another way as well. The prosecution had argued the Legislature's stated goal of addressing individual culpability supported reading authority to impose enhancements into the statute. The court rejected this argument. (*Arellano, supra,* 16 Cal.5th at p. 476.) It was true "the Legislature sought to 'fairly address[ ] the culpability of the individual,' but it sought to do so "in a *particular* way: by 'amend[ing] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder.' " (*Ibid.*) Thus, the legislature's two expressed goals of "limit[ing] convictions and subsequent sentencing so that the law of California fairly addresses the culpability of the individual and assists in the reduction of prison overcrowding" did not suggest a discretion "so unbounded as to direct courts to evaluate culpability anew by adding enhancements and allegations to the underlying felony or

7

target offense that were not previously charged and then proven at trial." (*Id*. at pp. 472, 476.) Indeed, "[l]imiting resentencing to the 'remaining counts' or 'remaining charges' (§ 1172.6, subds. (a), (d)(1) & (3)) — or when the murder was charged 'generically,' to the 'target offense or underlying felony' (*id*., subd. (e)) — is at the very least consonant with Senate Bill No. 1437's legislative purpose." (*Id*. at p. 472.)

We apply those principles to this case.

Ortiz's eligibility for section 1172.6 relief is predicated on an underlying felony, "i.e., the offense or felony that supported the prosecution's theory of felony murder." (*Arellano*, *supra*, 16 Cal.5th at p. 475.) Here, the record shows that felony was the robbery of Flores. Although the record contains evidence to support a charge of robbery of Morales, the prosecution has not shown that this was the theory it relied on at trial. We focus on the charges brought and arguments presented, "not charges that *could have been* established by the evidence." (*Id*. at p. 470.) Because the prosecution has not pointed to where in the record it argued the robbery of Morales supported the felony murder theory, that robbery cannot be considered the "underlying felony" for purposes of resentencing under section 1172.6.

The Supreme Court's cite to *Fouse* supports this interpretation. (See *Arellano*, *supra*, 16 Cal.5th at pp. 474–475.) A jury convicted Fouse of two counts of attempted murder of a peace officer, three counts of first degree robbery, one count of assault likely to cause great bodily injury, and one count of conspiracy to commit first degree robbery. (*Fouse*, *supra*, 98 Cal.App.5th at p. 1133.) After a successful petition for resentencing, the trial court redesignated the two counts of attempted murder of a police officer to assaults with a firearm on

8

a peace officer and felony evading a police officer. (*Id.* at p. 1142.) The court of appeal reversed, holding that the underlying felony for the felony murder charges was robbery. (*Id.* at pp. 1149–1150.) Because Fouse had been convicted of robbery, subdivision (d)(3) of section 1172.6 applied and the trial court did not have discretion to redesignate the attempted murder counts. (*Fouse*, *supra*, 98 Cal.App.5th at pp. 1144–1146.) As in this case, this left a victim, at least one peace officer, unaddressed in Fouse's final sentence.

We sympathize with the trial court's distaste for imposing a sentence that does not reflect the tragedy of Morales's involvement with this crime. However, we think the Supreme Court's reliance on *Fouse* as well as its reasoning in *Arellano* supports this result, as unpalatable as it may be.

While the Legislature did cite proportionality of punishment as a goal of section 1172.6, it also emphasized reduction of prison crowding, and delineated particular areas of discretion for the trial court. That discretion did not extend to designating as an underlying felony one that the prosecutor did not rely on at trial. (Accord *People v. Patterson* (2024) 99 Cal.App.5th 1215, 1225–1226 ["subdivision (e) only permits redesignation of a felony-murder conviction to the underlying felony(ies) on which the defendant's felony-murder conviction was *actually* based"].)

Because subdivision (d)(3) of section 1172.6 governed the trial court here, the prosecutor's citations to cases decided under subdivision (e) of section 1172.6 are inapposite.

9

## DISPOSITION

We reverse the trial court's order resentencing Ortiz to two counts of second degree robbery and remand for the trial court to resentence Ortiz consistent with this opinion.


WILEY, J.

We concur:


GRIMES, Acting P. J.


VIRAMONTES, J.